The next case for argument is 22-20024, Gomez v. Interior. The next case for argument is 22-20024, Gomez v. Interior. May it please the court, my name is Christopher Zampogna, and I would like to ask you to represent Officer Gomez in this matter before your honors. Thank you. Convicted. Convicted is defined by the issue of being sentenced, which 5 U.S.C. 7371 in Appendix 117 of the brief indicates removal of a law enforcement officer who has been convicted of a felony that is entered by a federal or state court. Here this language has been replete throughout the proceedings, and it is the gravamen of our argument that even under the federal rules, under 32K1, there must be a sentencing for there to be a conviction. Yeah, but the government comes back with the position, and I don't see you're really objecting to it or persuading us in gray that it's not correct, that this removal wasn't taken under 7371, it was taken under 7513A. Well I would argue, your honor, that in the Douglas factors, which were critical to both the initial removal decision in February of 2019, I believe it was, or 2021 I think, sorry I may have the year wrong, and then in the judge's order, or the administrative law judge's order referring to how important the Douglas factors are, the final factor is, it indicates that that is the key legal determination as to not allowing Mr. Gomez to continue in his employment, the 12th factor. I guess I had read that as simply saying, we've decided on 7513 grounds that there is a misconduct. Now I'm trying to figure out what the appropriate sanction for that is, and there's another statutory provision that confirms me, in my view, that this kind of misconduct warrants removal as a sanction. That doesn't mean that the 7371 provision was the basis for the misconduct determination. Well, as our reply brief also indicated, that if you are taking their argument as the argument, that under, I believe it's the Supreme Court case Montana, by Supreme Court Justice Whitaker had indicated that there was a need to have specific language used, and I think his quote was, pardon me your honors, actually and necessary to determine by the court of competent jurisdiction that facts had to be actually and necessarily determined by the court of competent jurisdiction. So that in a sentencing, like in this case, he tried to, he changed his lawyers, he tried to undo a sentencing, and the facts could have changed up till sentencing. So if you're taking their argument that it doesn't matter, that just the plea matters, then you're disregarding whether the facts were agreed to in that plea. So I would argue that they weren't because he had first a lawyer named, his name was, sorry your honors, we had two different attorneys, Susan Marcus was his final lawyer, his first lawyer was Adam Silverstein, this is in appendix three for her name, page three in appendix 173 is his name, if you wish to find those falls into another Supreme Court case as an exception. So I would argue that his attempts to change the facts or to change the plea would be something that could be considered by your honors in deciding this. Well sure, we could have maybe an intellectual debate about whether a guilty plea standing alone would always be sufficient. For example, what if it were later withdrawn and the charges dropped? But here, that guilty plea ultimately carried the day, right? Well, there never was an appeal, I'm sorry. And so there's no reasonable dispute that he committed the acts underlying the felony offense, and under those circumstances, isn't it quite difficult to say that the defendant was wrong to use the guilty plea as evidence that he did the thing? Well, yeah, as I was trying, as I'm attempting to argue, your honor, the difficulty, it is a difficult case, I'm not disputing the fact that it's difficult, but I believe in this case, it's still not over until it's over, as Yogi Berra said. So I think that, you know, this case, you still can find that there was some discrepancy in the facts in the court's decision, in addition to their arguing or failing to look at factors defined in Heller, or Hiller, I'm sorry, which talk about whether there are certain indicia of his demeanor, which would indicate whether he was telling the truth. That's a second stage of my argument besides the first factor, which is, I believe, still the most important factor. But so the judge below didn't, we were arguing this via phone, which was during the pandemic, which I understand is the reason why we had to do things differently. But there are cases that have found that that isn't sufficient. In my understanding, or even seeing the argument, or being there for the argument, there was a wholesale acceptance of Mr. Monahan's decision in February, which, again, so on the side of the Douglas factors, which had the 12th factor, which was, as I said earlier, the 5 U.S.C. 73 settlement. Are you arguing that they didn't make a credibility determination, or that they made the wrong credibility determination because it was done telephonically? What's your argument? My argument is it was wrong because it was telephonically, and there's case law that says that to get demeanor, you need to be, a telephonic communication is not sufficient. So that it needs to be more in person to figure out whether the person is safe. And what was the credibility determination that needed to be resolved? Well, his intent as to whether he intentionally, you know, I'm not going to get as much into the facts as I'm sure the others as far as the government will get into, because I do believe the law is supporting me. But in the underlying case, he had his license expire, and then he was flying a plane. He didn't intend for it to expire. Flying a plane as an instructor, and I thought he acknowledged that he knew he was no longer had a flight instructor certificate from the FAA when he was doing that on the order of a dozen or more times for a year. Well, Your Honor, I'm sorry. Is that right, that he did acknowledge that he knew that he lacked that certificate? Later, at the time of flying, he didn't know. I think later when questioned, he said, yes, I did have, or I did not have the license at that time. But whether he intended to fly... Wait, did he just say that he didn't know at the time he was giving the instruction that he had? Right. I think, I believe there was a... Yeah, I'm sorry, Your Honor, I didn't mean to interrupt you. Go ahead. There was an incident that occurred. A plane crashed. That was before. Right, which triggered... That's what led to the suspension. And the suspension occurred, and then what, six weeks later, the certificate expired anyway. He surely knew about the suspension, and then it was in the year to year and a half after that that he instructed two different students, 12 or 18 times or something? Well, I'm sure, Your Honor, in this case, or in other cases, there's been instructors that have flown with something that has expired. So, I think there's a... Are they working for the Park Police? I don't know how many are working for the Park Police, Your Honor. I do not know that answer. So, I think his credibility would be important, because he did explain that he didn't have direct knowledge at the time when he was flying. That's what he had said. Or he was confused about whether there was a license, that he was applying for his license. So, he was under the belief that as he was applying for his license, he was still able to... This is the issue on which you think credibility is important? Would be a factor, because I think they said that he wasn't credible, is my understanding. The judge had ruled that. So, I think that would then kick in that other argument that I had. As I said, even the Supreme Court, back to my... Well, their arguments are going to be, as you pointed out, some of them, but some of their arguments are going to be more factual, I believe. They're going to get into the facts of the case. And I don't believe that... As I said, I think that the fact that there wasn't an agreement upon the facts until the sentencing would mean that until that point in time, he couldn't be fired. To Your Honor's point, yes, now there wasn't an appeal. So, after that point, of course, he couldn't go back after the actual conviction, which would mean the actual sentence. So, I would agree with your point that that is no longer an issue today. But in that period of time, he was terminated before the sentencing. So, there was at least, I think, the termination, it was February. The sentencing was September, and it was February. So, there was several months of time when he should have... What remedy are you seeking here? I mean, this all went down a few years ago. So, he'd get back pay for three years since the discharge. What were you seeking? Well, if he could get back pay at least from the time of sentencing to when he was... From the time of sentencing back to... Well, from the time of sentencing to termination, because he didn't get... That would be months of time. If at least he could get that, that was the remedy. And I had asked for that below and was refused that request. So, that's the remedy I'm seeking. A reinstatement would be... Okay. And you don't think the government's argument that this action wasn't taken under 7371 doesn't sort of blow that up? Well, as I said, I believe that under our case law that we've cited that the underlying facts wouldn't have been agreed to until the sentencing. I know that's a hyper-technical thing, but that's my argument, Your Honor. Thank you. Good morning, Your Honors. May it please the Court. Mr. Gomez was a police officer with the United States Park Police for more than 16 years when he was arrested for repeatedly giving flying license without a license, a federal felony charge, a charge to which he pled guilty. On the same day of his arrest, he called his supervisor and noted client him that he had lied to him and left his agency-issued firearm, which was loaded in an unsecured locker in his locker room in the workplace. Based on these events, the agency removed Mr. Gomez based on pursuant to Chapter 75 of Title V of the United States Code. The fact that the agency terminated him based on Chapter 75 is very clear from the record. But what about his argument? It seems like, if I understand it correctly, it boils down to the fact that at the time of the removal decision, he hadn't been sentenced yet and he was attempting to withdraw his plea. So the question is, does that cast any doubt on using the plea as a basis for showing that the conduct occurred? It does not, Your Honor. And my answer is three-part here. First, that Mr. Gomez's argument there is premised on the assertion that the agency removed him pursuant to 5 U.S.C. 7371B. And that is not the case here. As my friend acknowledged a moment ago, the deciding official made this statement in the analysis of Douglas Factor 12, which is the adequacy and effectiveness of alternative sanctions to deter future conduct. The Douglas analysis is part of a Chapter 75 removal. The single statement that the deciding official made on Douglas Factor 12 was meant, if read in context, it's mainly to show the reasonableness of the deciding official's decision that only removal would be appropriate here. In Cleeton, this court explained that the purpose behind 7371B is to maintain the public's confidence and trust in the law enforcement system. And here, the deciding official specifically explained that imposing any lesser penalties would give the public the impermissible conclusion that the United States Park Police condones this criminal activity by its law enforcement officers. As well, he explained that it would not deter Mr. Gomez from engaging in such criminal conduct in the future. Secondly, Your Honor, to the extent that Mr. Gomez made in his reply brief, he made an argument that's distinct from what he had raised in his initial brief, because his opening brief focused on whether a guilty plea constitutes conviction under 7371B. Once we showed that that was not the statute upon which the agency relied, then he changed his argument that regardless a plea agreement did not establish the underlying facts even under Chapter 75. That's a different argument, and it's our position that he has waived that argument. But nevertheless, if the court is inclined to address it substantively, he is wrong. It is a fact that as of February 11, 2021, the date of his removal, Mr. Gomez, after being sworn in and read his rights, had a guilty plea that was very much on the record and had not been vacated. His attempts to vacate it, as the administrative judge correctly noted, don't change the agency's burden, because as of the date of his removal, the plea agreement was very much on the record. But moreover, in addition to the plea agreement, there was substantial other evidence on the record that showed that he engaged in these underlying facts. Mr. Gomez claims that he didn't know. However, he admitted to the special agent... Let me ask you this question. I'm looking at the decision to remove page 109 of the appendix cases for adverse action. And charge 1 is called engaging in criminal misconduct and the specification doesn't say you did these acts and they were criminal. It says you pled guilty to a charge. Is there some significance to the difference between the two things I just mentioned? One that's said and one that's not said? Except for the title, engaging in criminal misconduct, the basis for removal doesn't seem to be the conduct itself as evidenced by something, but rather the plea. Is that an incorrect way to read this? I think, Your Honor, certainly the specification does correct. You're correct that it does point to the fact that he had entered a guilty plea and as I entered, as of the date of removal, that was very much a fact. So one way, I guess, to think about your friend's argument on the other side, putting aside the waiver point, is that a plea is not enough to constitute a misconduct at least where it is still being contested.  what Mr. Gomez is asserting, Your Honor. However, that's incorrect. And even though the court in Cleton, which we cited in our brief, specifically held that a guilty plea is sufficient. Of course, there the court was addressing 7371B which was our position that that's not what the agency relied on. But nevertheless, the court held that an individual can be convicted for purposes of 7371B once guilt has been established, whether by plea or by verdict, and nothing remains to be done except to pass a sentence. So the authority of this court is that a guilty plea is sufficient and it does amount to a conviction for purposes of that section. You don't need it to amount to a conviction. All you need is that a guilty plea even if he's still fighting it or yes, if he's now fighting it, is a sufficient basis for a charge of removable misconduct. That's correct, Your Honor. That's correct. Clayton was in particular addressing 7371B which does require the conviction. And just a couple more points to address that were mentioned by Mr. Gomez. He claimed that he did not know that his conduct that he needed that his conduct was criminal. On appendix page 206 he specifically admitted to the Department of Transportation special agent that was investigating his criminal activity that he had falsified his student's log books. His certification was in any event set to expire in June of 2016 and he changed the date intentionally to June of 2018 to give the impression that his license was still active. Additionally he had been flying for over 14 years and he ordered a hearing transcript he testified that every seven years he would renew his license. He was very well aware of the requirements of his recreational activity, I should say. As to his second point, Your Honor, what Mr. Gomez is proposing is that the court required the board in every decision, whether there are factual disputes or not, to conduct a comprehensive analysis of the Douglas factors, or excuse me of the Hillen factors. There simply exists no authority in this court to do that. I believe comprehensively addressed in our opening brief, there were no factual disputes on this record. Mr. Gomez stipulated to pretty much to all of the underlying charges and there being no factual disputes on the record, there was nothing for the judge to resolve and therefore no credibility determinations needed to be made. Unless the court has any other questions we respectfully request that the court affirm the decision of the board. Thank you. I just have maybe 30 seconds of rebuttal Your Honor, so I'll be quick. It's just regarding the one case, Cleton, that was brought up by my esteemed opposing counsel. In that case, I would note two things. Today, underlying, it was a marijuana case so who knows what he would have gotten to where it got with our current state of marijuana as a crime. However, there is a distinguishing factor, which I believe I still pointed out in the brief, which indicated that while it wasn't in the record, but he attempted to change the plea however, since it wasn't in the record, it didn't enter into the factor of the decision of the court. Whereas in my case, that is in the record. So that's all I have to add, Your Honor. Thank you. Thank you, Your Honor.